JS-6

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
California Bar No. 149883
Assistant United States Attorney
Chief, Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-6166
    Facsimile:  (213) 894-7177
    E-mail: Steven.Welk@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CV 11-10002 GAF (Ex) |
|     Plaintiff, ) | |
|     v. ) | **CONSENT JUDGMENT OF FORFEITURE** |
| REAL PROPERTY ON BUTTERFLY ) BUSH COURT, CORONA, ) CALIFORNIA, ) | |
|     Defendant. ) | |
| WISAENG JEON; HAPPY SMILE ) PROPERTIES, INC. ) | |
|     Titleholders. ) | |

    On December 2, 2011, plaintiff United States of America ("plaintiff" or the "government") initiated this civil forfeiture action alleging that the defendant real property located on

1  Butterfly Bush Court in Corona, California (the "defendant real
2  property") was subject to forfeiture pursuant to 18 U.S.C. § 981
3  (a)(1)(A) and (C).  Notice of the action was given and published
4  in accordance with law.  The legal description of the defendant
5  real property is:
6      Lot 27 of Tract 31025, in the County of Riverside,
7      State of California, as shown by map on file in Book
8      374, Pages 30 through 35, inclusive, in the Office of
9      the County Recorder of Riverside County, California.
10 The defendant real property is titled in the names of Wisaeng
11 JEON ("JEON") and Happy Smile Properties, Inc. ("HSP"), who hold
12 the property as tenants in common.  There are no known liens
13 recorded against the property except for a tax lien in favor of
14 the County of Riverside, which the government did not contest.
15     The government and the owners of the property (JEON and HSP)
16 (collectively, the "parties") have reached an agreement that is
17 dispositive of this action.  By their signatures hereunder, the
18 parties request that the Court enter this consent judgment of
19 forfeiture.
20     The Court, having been duly advised of and having considered
21 the matter, and based upon the mutual consent of the parties,
22     HEREBY ORDERS, ADJUDGES, AND DECREES:
23     1.   This Court has jurisdiction over this action pursuant
24 to 28 U.S.C. §§ 1345 and 1355, and over the parties who have
25 submitted to the jurisdiction of this Court by agreeing to the
26 entry of this consent judgment.
27
28

2. The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

3. Notice of this action has been given as required by law. No claims or answers have been filed and the time for filing claims and answers has expired. JEON and HSP (through its authorized representative whose signature appears below) are the sole titleholders to the defendant real property. The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true.

4. All right, title and interest in the defendant real property is hereby condemned and forfeited to the United States of America. The Riverside County Recorder shall index this judgment in the grantor index under the names of Wisaeng JEON and Happy Smile Properties, Inc., and in the grantee index under the name of the United States of America.

5. Following entry of this judgment, the government shall dispose of the defendant real property according to law, and shall satisfy any liens secured by the defendant real property. The net proceeds of any such sale shall be disposed of according to law.

6. The parties shall execute further documents to the extent necessary, to convey clear title of the defendant real property to the United States and to further implement the terms of this Consent Judgment.

7. By their signatures hereunder, JEON and HSP have released the United States of America, its agencies, officers, and employees, from any and all claims, actions, or liabilities

arising out of or related to this action, including, without limitation, any claim for attorneys' fees, costs, or interest, whether pursuant to 28 U.S.C. § 2465 or otherwise.

8.  The Court finds that there was reasonable cause for the institution of these proceedings.  This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

9.  The Court shall retain jurisdiction over this matter for the purpose of enforcing this consent judgment.

DATED: March 2, 2012

_____
THE HONORABLE GARY A. FEESS
UNITED STATES DISTRICT JUDGE

[Signatures of the parties appear on the following page.]

/ / /

/ / /

/ / /

4

|   |   |
|---|---|
| 1 | <u>CONSENT</u> |

2  The parties request that this judgment be entered and waive
3  any right of appeal.  JEON and HSP hereby acknowledge that (a)
4  they have read and understand this consent judgment, or that it
5  has been read and explained to them to their satisfaction, and
6  (b) they have had an opportunity to confer with legal counsel
7  with respect to this consent judgment, and enter into this
8  consent judgment freely and voluntarily.

9  DATED: February 28, 2012         ANDRÉ BIROTTE JR.
                                    United States Attorney
10                                  ROBERT E. DUGDALE
                                    Assistant United States Attorney
11                                  Chief, Criminal Division

12                                       /s/
                                    _____
                                    STEVEN R. WELK
13                                  Assistant United States Attorney
                                    Chief, Asset Forfeiture Section
14
                                    Attorneys for Plaintiff
15                                  United States of America

16
    DATED: February 23, 2012
17
                                         /s/
                                    _____
18                                  Wisaeng JEON

19
    DATED: February 23, 2012
20
                                         /s/
                                    _____
21
                                     Jeong Mi Park
22                                  Happy Smile Properties, Inc.

5