JS-6

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
California Bar No. 149883
Assistant United States Attorney
Chief, Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-6166
    Facsimile:  (213) 894-7177
    E-mail: Steven.Welk@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO.  CV 11-10002 GAF (Ex) |
|             Plaintiff, ) | |
|       v. ) | **CONSENT JUDGMENT OF FORFEITURE** |
| REAL PROPERTY ON BUTTERFLY ) BUSH COURT, CORONA, ) CALIFORNIA, ) | |
|             Defendant. ) | |
| WISAENG JEON; HAPPY SMILE ) PROPERTIES, INC. ) | |
|             Titleholders. ) | |

    On December 2, 2011, plaintiff United States of America ("plaintiff" or the "government") initiated this civil forfeiture action alleging that the defendant real property located on

Butterfly Bush Court in Corona, California (the "defendant real property") was subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).  Notice of the action was given and published in accordance with law.  The legal description of the defendant real property is:

>    Lot 27 of Tract 31025, in the County of Riverside, State of California, as shown by map on file in Book 374, Pages 30 through 35, inclusive, in the Office of the County Recorder of Riverside County, California.

The defendant real property is titled in the names of Wisaeng JEON ("JEON") and Happy Smile Properties, Inc. ("HSP"), who hold the property as tenants in common.  There are no known liens recorded against the property except for a tax lien in favor of the County of Riverside, which the government did not contest.

The government and the owners of the property (JEON and HSP) (collectively, the "parties") have reached an agreement that is dispositive of this action.  By their signatures hereunder, the parties request that the Court enter this consent judgment of forfeiture.

The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties,

HEREBY ORDERS, ADJUDGES, AND DECREES:

1.   This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355, and over the parties who have submitted to the jurisdiction of this Court by agreeing to the entry of this consent judgment.

2. The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

3. Notice of this action has been given as required by law. No claims or answers have been filed and the time for filing claims and answers has expired. JEON and HSP (through its authorized representative whose signature appears below) are the sole titleholders to the defendant real property. The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true.

4. All right, title and interest in the defendant real property is hereby condemned and forfeited to the United States of America. The Riverside County Recorder shall index this judgment in the grantor index under the names of Wisaeng JEON and Happy Smile Properties, Inc., and in the grantee index under the name of the United States of America.

5. Following entry of this judgment, the government shall dispose of the defendant real property according to law, and shall satisfy any liens secured by the defendant real property. The net proceeds of any such sale shall be disposed of according to law.

6. The parties shall execute further documents to the extent necessary, to convey clear title of the defendant real property to the United States and to further implement the terms of this Consent Judgment.

7. By their signatures hereunder, JEON and HSP have released the United States of America, its agencies, officers, and employees, from any and all claims, actions, or liabilities

3

arising out of or related to this action, including, without limitation, any claim for attorneys' fees, costs, or interest, whether pursuant to 28 U.S.C. § 2465 or otherwise.

8. The Court finds that there was reasonable cause for the institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

9. The Court shall retain jurisdiction over this matter for the purpose of enforcing this consent judgment.

DATED: March 2, 2012

_____
THE HONORABLE GARY A. FEESS
UNITED STATES DISTRICT JUDGE

[Signatures of the parties appear on the following page.]

/ / /

/ / /

/ / /

4

CONSENT

The parties request that this judgment be entered and waive any right of appeal.  JEON and HSP hereby acknowledge that (a) they have read and understand this consent judgment, or that it has been read and explained to them to their satisfaction, and (b) they have had an opportunity to confer with legal counsel with respect to this consent judgment, and enter into this consent judgment freely and voluntarily.

DATED: February 28, 2012            ANDRÉ BIROTTE JR.
                                    United States Attorney
                                    ROBERT E. DUGDALE
                                    Assistant United States Attorney
                                    Chief, Criminal Division

                                        /s/
                                    _____
                                    STEVEN R. WELK
                                    Assistant United States Attorney
                                    Chief, Asset Forfeiture Section

                                    Attorneys for Plaintiff
                                    United States of America

DATED: February 23, 2012

                                        /s/
                                    _____
                                    Wisaeng JEON

DATED: February 23, 2012

                                        /s/
                                    _____
                                     Jeong Mi Park
                                    Happy Smile Properties, Inc.

5